```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| **KRISTIAN FERRELL** | : | **CIVIL ACTION** |
| v. | : | |
| **CURRAN-FROMHOLD CORRECTIONAL FACILITY** | : | **NO. 15-1817** |

FILED
MAY -1 2015
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

### MEMORANDUM

**SHAPIRO, J.**                                              **APRIL 30, 2015**

    Plaintiff Kristian Ferrell brings this <u>pro se</u> civil rights action, pursuant to 42 U.S.C. § 1983, against the Curran-Fromhold Correctional Facility ("CFCF"). He seeks to proceed <u>in forma pauperis</u>. For the following reasons, the Court will grant plaintiff leave to proceed <u>in forma pauperis</u> and dismiss his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### I.  FACTS

    Plaintiff alleges that he was incarcerated in a three-man cell at CFCF and made to sleep on a "boat on the floor," from October of 2010 through April of 2011. (Compl. ¶ III.B-C.) As a result of the triple-celling, plaintiff alleges that he developed a cyst on his left shoulder blade.

### II. STANDARD OF REVIEW

    Plaintiff is granted leave to proceed <u>in forma pauperis</u> because he has satisfied the criteria set forth in 28 U.S.C. § 1915. Section 1915(e)(2)(B)(ii) requires the court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of

Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), requiring the court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). The court may dismiss the complaint based on an affirmative defense if the affirmative defense is obvious from the face of the complaint and no further development of the record is necessary. See Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006); cf. Ball v. Famiglio, 726 F.3d 448, 459 (3d Cir. 2013). As plaintiff is proceeding pro se, the Court must construe his allegations liberally. Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

Plaintiff has not stated a claim because a correctional facility such as CFCF, the only named defendant, is not a "person" subject to suit under the civil rights laws. See Regan v. Upper Darby Twp., Civ. A. No. 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009). Plaintiff's claims are also barred by the statute of limitations. In a § 1983 action, a federal court applies the statute of limitations governing personal injury claims in the state where the cause of action arose. Wallace v. Kato, 549 U.S. 384, 387 (2007). In Pennsylvania, where plaintiff's claims arose, the relevant statute of limitations is two years. See 42 Pa. Cons. Stat. § 5524. The limitations period began running "when the plaintiff knew or should have

2

known of the injury upon which [his] action is based." <u>Sameric Corp. v. City of Phila.</u>, 142 F.3d 582, 599 (3d Cir. 1998).

Plaintiff is seeking damages for alleged constitutional violations because he was confined in a three-man cell from October 2010 through April 2011. During that time period, plaintiff must have been aware that he was confined in a three-man cell and that he had developed a cyst. However, he did not file this action until April 7, 2015, more than two years beyond the most recent acts giving rise to his claims. It is apparent from the face of the complaint that plaintiff's claims are time-barred. The court will therefore dismiss plaintiff's claims.

A district court should generally provide a <u>pro se</u> plaintiff with leave to amend unless amendment would be inequitable or futile. <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 114 (3d Cir. 2002). Amendment would be futile because plaintiff cannot sue CFCF, and his claims are time-barred without any apparent basis for tolling. Accordingly, plaintiff will not be permitted to file an amended complaint.

## IV. CONCLUSION

Plaintiff's complaint is dismissed. An appropriate order follows.